1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA
10

11   SHELDON JOHNSON,                      Case No. 22-cv-01342 BLF (PR)
              Plaintiff,
12                                         **ORDER OF DISMISSAL WITH
         v.                                LEAVE TO AMEND; DENYING
13                                         MOTION FOR APPOINTMENT OF
                                           COUNSEL**
14   SAN MATEO COUNTY, et al.,
15            Defendants.
16

17

18        Plaintiff, a state prisoner, filed a civil rights action under 42 U.S.C. § 1983 against

19   the San Mateo County Board of Supervisors for unconstitutional prison conditions at the

20   Maguire Correctional Facility ("MCF") in Redwood City, where Plaintiff is currently

21   confined.  Dkt. No. 1.  In the complaint, Plaintiff requests appointment of counsel.  *Id.* at 3.

22   Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which shall be

23   addressed in a separate order.  Dkt. No. 1.  This matter was reassigned to the Undersigned

24   on March 8, 2022.  Dkt. Nos. 5, 6.

25

26                               **DISCUSSION**

27   A.   **Standard of Review**

28        A federal court must conduct a preliminary screening in any case in which a

*United States District Court*
*Northern District of California*

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B.   <u>Plaintiff's Claims</u>

Plaintiff claims that his First Amendment right to receive mail was violated when the "Sheriff County Authorities" stopped all inmates' incoming mail postal services throughout MCF on April 4, 2021. Dkt. No. 1 at 3. Apparently, this action was taken because someone outside the community was conspiring with inmates to smuggle "13 film strip of suboxone" into the jail through the mail. *Id.* Plaintiff claims the "Sheriff Authorities" failed to identify the suspect and instead shut down all incoming letters, including letters from family, friends, children, and businesses. *Id.* at 3-4. Plaintiff seeks injunctive relief, appointment of counsel, and damages. *Id.* at 3.

Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." *See Turner v. Safley*, 482 U.S. 78, 89 (1987). The *Turner* standard applies to regulations and practices concerning all correspondence between prisoners and to regulations concerning *incoming* mail received by prisoners from non-prisoners. *See Thornburgh*, 490 U.S. at 413. Prisoners also have a liberty interest in

2

the receipt of mail, including subscription publications, which triggers procedural due process guarantees. *Krug v. Lutz*, 329 F.3d 692, 696-967 (9th Cir. 2003). If prison officials withhold mail, a prisoner has a due process right to receive notice that his incoming mail is being withheld. *See Frost v. Symington*, 197 F.3d 348, 353-54 (9th Cir. 1999); *see also Prison Legal News v. Cook*, 238 F.3d 1145, 1152-53 (9th Cir. 2001) (holding that due process rights apply to withheld mail where prisoners had constitutionally protected right to receive the mail).

Plaintiff's allegations implicate his First Amendment and due process rights, but they are insufficient to state a claim. First, he fails to establish that the named Defendants are liable for the violation of these rights. Plaintiff names the San Mateo County Board of Supervisors (the "Board") and its individual members as Defendants in this action. Dkt. No. 1 at 2. But nowhere in the complaint does he specifically allege that the Board or its individual members were involved in the decision to stop incoming mail at MCF. Rather, he alleges that the "Sheriff Authorities" made this decision. *See supra* at 2. Therefore, the appropriate Defendants for his First Amendment claim would be the state actors at MCF who made that decision, not the Board. Furthermore, Plaintiff's allegations indicate that the decision to stop all mail was related to a legitimate penological interest, *i.e.*, to stop contraband from coming into the prison. Therefore, in order to state a cognizable First Amendment claim, Plaintiff must allege that the appropriate Defendants' actions were not reasonably related to a legitimate penological interest under *Turner*. Secondly, Plaintiff may be able to state a due process claim if he can allege that he was not given notice that his incoming mail was going to be withheld. *See Frost*, 197 F.3d at 353-54. Plaintiff shall be granted leave to file an amended complaint to allege sufficient facts to state claims under the First Amendment and due process.

The Court also notes that Plaintiff may not have exhausted administrative remedies before filing this action. Dkt. No. 1 at 2. Under the section I, Exhaustion of Administrative Remedies, Plaintiff failed to answer any of the questions. Dkt. No. 1 at 1-

2.  Instead, he indicates that he did not present his claim for review through the grievance procedure because "[t]his is a constitutional First Amendment violation denies [*sic*] Plaintiff U.S. postal mail services to custody facility."  Dkt. No. 1 at 2.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards."  *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies.  *Id.* at 85-86 (citing *Booth v. Churner*, 532 U.S. 731, 734 (2001)).  The mandatory exhaustion of available administrative remedies is not limited to suits under § 1983, but to any suit challenging prison conditions.  *Id.* at 85 (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).  Lastly, the PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies.  *Id.* at 93.

Plaintiff is advised that he must have exhausted administrative remedies for this First Amendment claim, or any claim, before he can proceed with claims in this Court.  As such, if he has not yet exhausted all the claims herein, then this action must be dismissed without prejudice.  Plaintiff may return and file a new action only after he has exhausted all available administrative remedies through MCF's inmate grievance procedures.

However, if Plaintiff has exhausted administrative remedies since filing this action and can proceed, Plaintiff may indicate that he has exhausted in an amended complaint.  In preparing an amended complaint, Plaintiff should keep the following legal standards in mind.  Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*,

United States District Court
Northern District of California

4

United States District Court
Northern District of California

664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633.

**C.**     **Motion for Appointment of Counsel**

Plaintiff requests appointment of counsel as a form of relief.  Dkt. No. 1 at 3.  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  Plaintiff has set forth no grounds to warrant appointment of counsel.  Accordingly, the motion is DENIED for lack of exceptional circumstances.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1.       The complaint is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 22-cv-01342 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed,

including the section on exhaustion.  Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2.      **Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action with prejudice for failure to state a claim without further notice to Plaintiff.**

**IT IS SO ORDERED.**

**Dated:  __July 11, 2022_____**

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend; Denying M. For Appt. of Counsel
PRO-SE\BLF\CR.22\01342Johnson_dwlta&atty

6