ROBERT H. BUNZEL (SBN 99395)
 rbunzel@bzbm.com
PATRICK M. RYAN (SBN 203215)
 pryan@bzbm.com
CHAD E. DEVEAUX (SBN 215482)
 cdeveaux@bzbm.com
CHRISTOPHER W. GRIBBLE (SBN 285337)
 cgribble@bzbm.com
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

Attorneys for Defendants COUNTY OF SAN
MATEO and CHRISTINA CORPUS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| Sheldon Johnson,<br><br>             Plaintiff,<br><br>     v.<br><br>San Mateo County, et al.,<br><br>             Defendants. | Case No. 5:22-cv-01342 BLF (PR)<br><br>**SAN MATEO COUNTY'S FURTHER ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| Kevin B. Prasad,<br><br>             Plaintiff,<br><br>     v.<br><br>Carlos G. Bolanos, Kristina Bell, Mark C. Robbins, Alma Zamorra, John W. Munsey, and John Kovach,<br><br>             Defendants | Case No. 4:22-cv-01346-JST |

| | |
|---|---|
| Curtis L. Briggs, Robert Canny, and Matthew Murillo,<br><br>    Plaintiffs,<br><br>  v.<br><br>San Mateo County, Carlos Bolanos, Sheriff of San Mateo County, and Frank Dal Porto, Captain of the San Mateo County Sheriff's Office,<br><br>    Defendants. | Case No. 4:22-cv-05012-YGR |
| A.B.O. Comix, Kenneth Roberts, Zachary Greenberg, Ruben Gonzalez-Magallanes, Domingo Aguilar, Kevin Prasad, Malti Prasad, and Wumi Oladipo,<br><br>    Plaintiffs,<br><br>  v.<br><br>County of San Mateo and Christina Corpus, in her official capacity as Sheriff of San Mateo County,<br><br>    Defendants. | Case No. 4:23-cv-01865-DMR |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants County of San Mateo (the "County") and Christina Corpus ("Defendants") respectfully submit this Further Administrative Motion to Consider Whether Cases Should Be Related pursuant to Civil Local Rule ("L.R.") 3-12. It is based on this Notice of Motion and the accompanying Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This motion addresses whether *A.B.O. Comix, et al. v. Cnty. of San Mateo*, Case No. 4:23-cv-01865-DMR ("*A.B.O.*") is related to three other cases: *Johnson v. San Mateo Cnty.*, Case No. 5:22-cv-01342-BLF ("*Johnson*"), *Prasad v. Bolanos*, Case No. 22-cv-01346-JST ("*Prasad*") and *Briggs v. San Mateo Cnty.*, Case No. 22-cv-05012-YGR ("*Briggs*"). Defendants removed *A.B.O.* to federal court on April 17, 2023, and moved to relate it to *Briggs* on April 18, 2023. Decl. of Chad E. DeVeaux ("CED Decl.") ¶¶ 3, 11. On April 19, 2023, Plaintiffs alerted Defendants' counsel to *Prasad*, which was served after *A.B.O.* was removed. *Id.* ¶ 12. Defendants promptly filed a new L.R. 3-12 motion on April 21, 2023 addressing the potential relatedness of *Briggs*, *Prasad*, and *A.B.O.* On April 21, 2023, Plaintiffs filed their own motion to relate *Prasad* and *A.B.O.*, claiming these cases should be "related" because they "involve the same parties" and "largely the same facts and events." 4:22-cv-01346-JST, ECF No. 24 at 2:9, 2:19, 3:1. But in a footnote, they identified the unserved Complaint in *Johnson*, of which Defendants' counsel was previously unaware. *Id.* at 4 n.1. Importantly, *Johnson* has a lower case number than *Prasad* or *Briggs*. CED Decl., Ex. 2. But despite this fact, Plaintiffs did not file their motion in *Johnson*, claiming is not related, arguing that it involved different parties because the defendants were the Board of Supervisors and not "the County itself" and it did not involve "the same level of judicial involvement." 4:22-cv-05012-YGR, ECF No. 19 at 4 n.1. Both these claims are false. First, San Mateo County *was* a defendant. CED Decl., Ex. 3 at 1; Ex. 2 at 1. Second, *Johnson* received at least equal, if not greater, "judicial involvement" than *Prasad* because the Court issued a substantive order thoughtfully analyzing the allegations under *Turner v. Safley*, 482 U.S. 78

(1987) and the Prison Litigation Reform Act ("PLRA"). *Id.*, Ex. 4 at 2:20-5:4.

The above facts show that Plaintiffs' motion to relate *A.B.O.* to *Prasad* is meritless and their motion should have been filed in *Johnson* as they were aware of it. It is the lowest-numbered potentially related case, and is every bit as "related" to *A.B.O.* as *Prasad* (when viewed in terms of the commonality of "parties," the "facts and events" at issue in the suit, and the "level of judicial involvement"). There is no basis for the claim that *Prasad* should be deemed related to *A.B.O.* under L.R. 3-12, and *Johnson* should not. Likewise, *Briggs*, which Defendants sought to relate to *A.B.O.* before being notified of *Johnson*, is also a viable candidate to be related to *A.B.O.* This is because the legal claims in that case much more closely align with those in *A.B.O.* than those in *Prasad* and *Johnson*. Thus, if a closer alignment of legal claims trumps the lowest-case number criterion, then *A.B.O.* should be related to *Briggs*, but under no circumstances to *Prasad*.

L.R. 3-12 dictates that Judge Labson Freeman, the judge assigned the lowest-numbered case, is to decide whether *A.B.O.* is related to *Johnson*. Despite this, and with full knowledge that *Johnson* was the lowest-numbered case and disclosure was triggered by L.R. 3-12, Plaintiffs engaged in improper judge-shopping, by moving to relate the case to the higher-numbered *Prasad* case. Defendants bring this motion to enable the proper Court to decide the issue.

## II.   PROCEDURAL HISTORY

On March 3, 2022, Sheldon Johnson filed his Complaint in *Johnson*. CED Decl., Ex. 2. On July 25, 2022, Kevin Prasad filed his operative Amended Complaint in *Prasad*. *Id.*, Ex. 6. On September 1, 2022, *Briggs* was filed. *Id.*, Ex. 7. *Prasad* was dismissed on March 27, 2023, *Johnson* on August 24, 2022, and *Briggs* on December 8, 2022. *Id.* ¶ 10.

## III.   RELATIONSHIP OF THE ACTIONS

Actions are "related" under L.R. 3-12 if they "concern substantially the same parties, property, transaction or event" and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." These principles dictate that *A.B.O.* can be related to *Johnson* or *Briggs* but not *Prasad*.

### A.  *Johnson* Is as Related to *A.B.O.* as *Prasad* in Terms of Commonality of Parties, Facts and Events, and Judicial Involvement, But Has a Lower Case Number

In the Complaint in *Johnson*, which is the *lowest-numbered* case at issue, the inmate "claim[ed] his First Amendment right to receive mail was violated when the 'Sheriff County Authorities' ... shut down all incoming letters" because someone conspired "with inmates to smuggle '13 film strip of suboxone' into the jail through the mail." *Id.*, CED Decl., Ex. 4. at 2:12-19; *see also id.*, Ex. 2 at 3. Plaintiff suggests *Johnson* is not related because it did not involve common parties because the defendants were the Board of Supervisors and not "the County itself" and it did not involve "the same level of judicial involvement as *Prasad*." 4:22-cv-05012-YGR, ECF No. 19 at 4 n.1. Both these claims are wrong. First, San Mateo County was a defendant. Supp. CED Decl., Ex. 3 at 1. It is named *Johnson v. San Mateo County*. *See id.*, Ex. 2 at 1.

Second, *Johnson* received equal, if not greater, "judicial involvement" than *Prasad* as the Court issued a substantive order thoughtfully analyzing the case under *Turner*, which "applies to regulations … concerning incoming mail received by prisoners" and the PLRA, which requires inmates to "exhaust administrative remedies." *Id.*, Ex. 4 at 2:20-5:4. The Court dismissed it with leave to amend, inter alia, to give the plaintiff the opportunity to plead that he "exhausted administrative remedies" and to explain how the "individual defendant[s] … proximately caused the deprivation" of a protected right. *Id.* at 4:17-5:4. These doctrines will likely determine the outcome of *A.B.O. See e.g.*, *Crime Justice & Am., Inc. v. Honea*, 876 F.3d 966, 976 (9th Cir. 2017) ("kiosks are an adequate [First Amendment] alternative" to physical mail under *Turner*).

*Johnson* is just as "related" to *A.B.O.* as *Prasad* when viewed in terms of the alignment of "parties," "facts and events" at issue in the suit, and the "level of judicial involvement" provided by the Court. And, as *Prasad* has a higher case number, there is no basis to relate it to *A.B.O.*

### B.  *A.B.O.* Could Be Related to *Briggs*

As the preceding section explains, if potentially related cases must be assigned to the judge in the lowest-numbered case regardless of the degree of similarity in terms of the facts, events, and legal claims at issue, then *A.B.O.* should be related to *Johnson* because it is the lowest-numbered case. In the alternative, if the Court considers these factors, then *A.B.O.* is relatable to *Briggs*,

1  because it has a much greater alignment in terms of the facts, events, and legal claims.

2        Seeking to avoid the inconvenient truth, Plaintiffs claim *A.B.O.* is not related to *Johnson,*
3  but and *Prasad*, claiming they "raise nearly identical First Amendment challenges to the County's
4  digitization and destruction of physical mail," and its "surveillance of mail." 4:22-cv-01346-JST,
5  ECF No. 28, at 2:21-22, 3:24-25. Not true. *Prasad*'s operative complaint does not allege mail is
6  being digitized, destroyed, or surveilled. It accuses the County of "banning any and all
7  correspondence (with the exception of legal correspondence)…." Prasad Comp. at 3:3-5. Plaintiffs
8  misleadingly claim "Prasad alleged that the County began relying" on Smart
9  Communications'("Smart") "to deny physical mail." 4:22-cv-01346-JST, ECF No. 28, at 2:2:25-
10  28. But Plaintiffs cite to Prasad's original complaint that was dismissed by the Court. *See id.*
11  "[T]here can be only one operative complaint." *Vega v. Cate*, 2012 WL 5471846, at *1 (E.D. Cal.
12  Nov. 9, 2012). A dismissed complaint "has no bearing on [a party's] present legal position."
13  *Marquette Transp. Co. v. Nav. Maritime Bulgare*, 491 F. Supp. 3d 160, 172 (E.D. La. 2020).

14        Indeed, *Prasad*'s claims are even further afield from *Briggs* and *A.B.O.* because the
15  gravamen of its claim is that jail staff are engaged in "discretionary censorship." *Id.* at 4:8-14. It
16  alleges jail staff "censor inmate pictures based upon their own inherently subjective opinion" that
17  they are "provocative" even though such images are not "pornographic." *Id.* at 4:15-5:9. Plaintiffs
18  claim "this is of no moment" because *A.B.O.* and *Prasad* "challenge the same policy," i.e., the
19  digitization, destruction, and surveillance of mail. 4:22-cv-01346-JST, ECF No. 28, at 3:11-16.
20  But again, this is untrue. *Prasad*'s Amended Complaint is devoid of any such allegations. Their
21  argument is also contradicted by their paradoxical claim that relation is inappropriate when two
22  cases' "legal issues are distinct." *Id.* at 4:1-2. *Prasad*'s censorship focus creates such a distinction.

23        Plaintiffs also claim *A.B.O.* and *Briggs* "do not concern the same transaction" because
24  *Briggs* involves the County's policy "for handling attorney-client privileged electronic messages
25  and mail," while *A.B.O.* "concerns … harm to non-legal mail"—specifically that the County's use
26  of Smart's technology enables "invasive surveillance" which "hampers … expression." 4:22-cv-
27  05012-YGR, ECF No. 19 at 3:19-28. But this ignores the fact that both *Briggs* and *A.B.O.* target
28  the same "transaction"—the County's contract to use of Smart's technology that encompasses

both legal and non-legal correspondence. *See, e.g.,* A.B.O. Comp. ¶ 32; Briggs Comp. ¶ 28.

And both *A.B.O.* and *Briggs*' allegations—unlike *Prasad*—target the use of Smart's technology to engage in "surveillance" which "hampers … expression." *See* 4:22-cv-05012-YGR, ECF No. 19 at 3:19-28. *A.B.O.* claims Smart's technology "enables sophisticated and invasive surveillance." A.B.O. Comp. ¶ 7. *Briggs* likewise alleges the "Smart Mail system" violates privacy rights because communications "are surveilled, read, downloaded, forwarded, and retained." Briggs Comp. ¶ 38. And both *Briggs* and *A.B.O.* allege such surveillance hampers expression. A.B.O. Comp. Comp. ¶ 7; Briggs Comp. ¶ 107. Seeking to divert from this fact, Plaintiffs argue the "chilling effect" of "surveillance of mail" is "different" when directed to legal and non-legal mail. 4:22-cv-01346-JST, ECF No. 28, at 3:23-27. But this diversion ignores Plaintiffs' paradoxical contention that L.R. 3-12's "key question is not whether there is a complete duplication" of legal claims "but whether the relevant parties, facts and events" are "similar." *Id.* at 3:11-13. But they ignore that *Prasad* is devoid of "surveillance" and "chilling" allegations.

*Johnson* likewise alleges a total ban on all forms of mail and does not allege digitization, destruction, or surveillance of mail. Although it does not venture as far afield as *Prasad* by making claims regarding censorship or policies regarding provocative or pornographic images. Thus, *A.B.O.* could be related to *Briggs* based on the greater factual and legal similarities between the cases. But under no circumstances can *A.B.O.* be related to *Prasad* because *Prasad* shares no greater legal or factual similarities to the case than *Johnson*, and *Johnson* is the lowest numbered.

## IV. DEFENDANTS COULD NOT OBTAIN A STIPULATION

Plaintiffs refused to stipulate that *A.B.O.* is related to *Johnson*. CED Decl., Ex. 8.

DATED: April 26, 2023                                         Respectfully submitted,

                                                      BARTKO ZANKEL BUNZEL & MILLER
                                                      A Professional Law Corporation

                                           By:       */s/ Patrick M. Ryan*
                                                          PATRICK M. RYAN
                                        Attorneys for Defendants COUNTY OF SAN
                                          MATEO and CHRISTINA CORPUS